**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

KIERRA S. CAREY                              CIVIL ACTION NO. 25-1368

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

H C S C BLUE CROSS                           MAGISTRATE JUDGE HORNSBY
& BLUE SHIELD OF ILLINOIS,
ET AL.

**MEMORANDUM RULING**

Before the Court is Defendant Health Care Service Corporation d/b/a Blue Cross Blue Shield of Illinois's ("BCBS") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>See</u> Record Document 18. Plaintiff Kierra S. Carey ("Carey"), proceeding *pro se*, has filed an opposition. <u>See</u> Record Document 20. For the reasons set forth below, the Motion is **GRANTED IN PART**.

**FACTUAL BACKGROUND**

Carey alleges that she was employed by BCBS and that her employment was terminated following an investigation into her use of bereavement leave. <u>See</u> Record Document 15 at 2. According to the amended complaint, Carey took leave after the death of her grandmother and informed her supervisor that she intended to attend the funeral. <u>See id.</u> Carey alleges that BCBS later placed her on administrative leave and initiated an investigation to determine whether she had actually attended the funeral. <u>See id.</u> She alleges that BCBS ultimately terminated her employment. <u>See id.</u>

Carey subsequently filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue. <u>See</u> Record Document 20-1. In the EEOC charge, Carey wrote that she believed that her placement on leave and

eventual termination was unlawful retaliation under Title VII. See id. at 2. The charge does not allege discrimination based on any protected characteristic, nor does it identify any protected class to which Carey belongs. See id.

After receiving the Notice of Right to Sue, Carey filed the present suit. BCBS responded by filing the present Motion to Dismiss. See Record Document 18. BCBS argues that Carey's discrimination claim fails because she did not exhaust the required administrative remedies through the EEOC. See Record Document 18-1 at 6–8. BCBS further contends that Carey's retaliation claim fails because Carey was not engaged in a protected activity as required by Title VII. See id. at 4–6.

## LAW AND ANALYSIS

### I.      Applicable Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, and its progeny. See 550 U.S. 544 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See id. at 555–56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

## II.    Analysis

### a. Discrimination Claim

Before bringing a civil action under Title VII, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. See Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970). The scope of a Title VII action is limited to the scope of the EEOC charge and the investigation that could reasonably be expected to grow out of that charge. See id. at 466.

Here, the EEOC charge alleges retaliation only. See Record Document 20-1 at 2. The charge does not allege discrimination based on race, color, religion, sex, national origin, or any other protected characteristic. See id. Although an EEOC charge should be liberally construed, an investigation for discrimination based on Carey being a member of a protected class could not be reasonably expected to come from a charge lacking any discussion of such discrimination. Accordingly, Carey did not present a discrimination

3

claim to the EEOC, and she has failed to exhaust her administrative remedies as to that claim.

Moreover, even if Carey had exhausted her administrative remedies, the amended complaint fails to state a plausible claim for discrimination. To survive a motion to dismiss, a plaintiff asserting a Title VII discrimination claim must plead facts sufficient to make it plausible that she is a member of a protected class. The protected classes are enumerated in Title VII and include "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

Carey does not identify any protected class to which she belongs, nor does she allege that BCBS's actions were taken because of such status. Instead, her allegations concern BCBS's investigation into her use of bereavement leave and her subsequent termination. See Record Document 15 at 2. Such allegations are insufficient to state a claim for discrimination under Title VII.

Because Carey has neither exhausted her administrative remedies nor plausibly alleged discrimination based on a protected characteristic, her discrimination claim must be dismissed. Accordingly, Defendant's Motion to Dismiss is **GRANTED IN PART** as to Carey's discrimination claim. Because failure to exhaust her administrative remedies is the primary basis for dismissal, this claim is **DISMISSED WITHOUT PREJUDICE**.

### b.  Retaliation Claim

Defendant next argues that Carey's retaliation claim must be dismissed for failure to state a claim. To state a claim for retaliation under Title VII, a plaintiff must plead facts sufficient to show that (1) she engaged in an activity protected by Title VII, (2) she suffered an adverse employment action, and (3) a causal connection exists between the protected

activity and the adverse action. See Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 484 (5th Cir. 2008). At the pleading stage, a plaintiff must allege facts that make each of these elements plausible. See Iqbal, 556 U.S. at 678.

Protected activity under Title VII consists of either "(1) opposing any practice deemed an unlawful employment practice by [T]itle VII (the 'opposition clause') or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under [T]itle VII (the 'participation clause')." Washington v. Natl. Oilwell Varco, L.P., 634 F. Supp. 3d 316, 323 (N.D. Tex. 2022) (citing Ellis v. Compass Grp. USA, Inc., 426 F. App'x 292, 296 (5th Cir. 2011)). The participation clause is inapplicable here because Carey was not participating in an investigation under Title VII. Accordingly, the only way Carey was engaged in a protected activity under Title VII is if she opposed discrimination based on race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-3(a). Complaints of unfair treatment that are not tied to discrimination based on a protected characteristic do not constitute protected activity. See Brown v. United Parcel Serv., Inc., 406 Fed. Appx. 837, 840 (5th Cir. 2010).

Carey's amended complaint does not plausibly allege protected activity. Carey alleges that she took bereavement leave, that BCBS investigated whether she attended her grandmother's funeral, and that she was terminated following that investigation. See Record Document 15 at 2. Requesting or taking bereavement leave does not constitute protected activity under Title VII, and an employer's investigation into such leave does not implicate the statute.

In Carey's opposition, she contends that she complained to the Human Resources department about BCBS's investigation and was terminated shortly after. See Record

Document 20 at 2. The Court is mindful that Carey is proceeding *pro se* and that her filings must be liberally construed, but a plaintiff may not amend her complaint through arguments raised in briefing. See Cutrera v. Bd. of Sup'rs of Louisiana State U., 429 F.3d 108, 113 (5th Cir. 2005).

Nevertheless, even considering the additional assertions raised in her opposition, Carey has not alleged that she opposed conduct made unlawful by Title VII. Carey does not allege that her complaints referenced discrimination based on any protected characteristic. Rather, her allegations reflect only that she believed the investigation was unfair. Such complaints are insufficient as a matter of law to constitute protected activity under Title VII. See Brown, 406 F. App'x at 840.

Because Carey has failed to plausibly allege that she engaged in protected activity, her retaliation claim fails as a matter of law and is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Based on the reasons explained above, **IT IS ORDERED** that BCBS's Motion to Dismiss (Record Document 18) is **GRANTED IN PART**. **IT IS FURTHER ORDERED** that Carey's discrimination claim is **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that Carey's retaliation claim is **DISMISSED WITH PREJUDICE**.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of March, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT